U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 29 2019
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| YOLANDA NOWLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-497-A |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of United States of America for summary judgment. Plaintiff, Yolanda Nowlin, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the summary judgment evidence, the record, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

On June 15, 2018, plaintiff filed a document titled "Motion for Monetary Settlement, Motion to File In Forma Pauperis and Motion Request for Appoint of Counsel," which the court interpreted to be her complaint in this action. Doc.[1] 1. As best the court can tell from the document and a subsequent document

---

[1] The "Doc.___" reference is to the number of the item on the docket in this action.

filed February 11, 2019, Doc. 20[2], plaintiff is asserting a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), for damages allegedly incurred by her as a result of negligent medical treatment she received from staff at the Federal Medical Center Carswell in Fort Worth, Texas ("FMC"). Plaintiff says that she was infected with H. Pylori and treated with antibiotics that did not initially cure her condition. She was subsequently cured in 2018, but suffered before its cure and continues to suffer due to the prolonged infection. She seeks monetary damages of $5,500,000.00.[3]

II.

Grounds of the Motion

The government asserts that plaintiff cannot produce probative evidence to establish any of the essential elements of her negligence claim, that is, standard of care, breach, causation, and damages. Doc. 22 at 1.

---

[2]The document appears to be a response to the government's answer to plaintiff's complaint.

[3]The court notes that plaintiff filed her tort claim on October 18, 2017, and that events after that date are not at issue. Doc. 25 at App. 053.

2

III.

Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party

as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. <u>Anderson</u>, 477 U.S. at 247-48. Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007).

IV.

Analysis

The FTCA gives federal courts jurisdiction over claims against the United States for money damages for injuries caused by the negligent or wrongful act or omission of a government employee under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. <u>Sheridan v. United States</u>, 487 U.S. 392, 398 (1988)(quoting 28 U.S.C. §1346(b)). Because plaintiff's alleged injuries occurred

at FMC, Texas law applies. Ayers v. United States, 750 F.2d 449, 452 n.1 (5th Cir. 1985).

Texas law imposes on treating physicians a duty to exercise that degree of care which a general practitioner of ordinary prudence and skill, practicing in the community or similar community, would have exercised in the same or similar circumstances. Edwards v. United States, 519 F.2d 1137, 1139 (5th Cir. 1975). The plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care, (2) a breach of that standard of care, (3) injury, and (4) causation. Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008). Standard of care is the threshold issue and must be established by expert testimony unless the mode or form of treatment is a matter of common knowledge or is within the experience of a lay person. Id., 523 F.3d at 601-02; Quijano v. United States, 325 F.3d564, 567 (5th Cir. 2003). Expert testimony is also required to establish that the breach proximately caused the harm suffered by the plaintiff. Guile v. United States, 422 F.3d 221, 225 (5th Cir. 2005); Garza v. Levin, 769 S.W.2d 644, 646 (Tex. App.--Corpus Christi 1989, writ denied).

This is not the type of case where breach and causation can be determined without expert testimony. See Haddock v. Arnspiger, 793 S.W.2d 948, 951 (Tex. 1990)(giving as examples operating on

the wrong part of the body or leaving sponges within a body). The appropriate treatment methods and range of alternative treatment options for H. Pylori infections are not within common knowledge or experience of lay persons.

Where, as here, expert testimony is required and no expert has been designated, summary judgment is appropriate. Bradfield v. United States ex rel. Dep't of Veteran's Affairs, 471 F. App'x 364, 365-66 (5th Civ. 2012); Prindle v. United States, No. 4:10-CV-54-A, 2011 WL 1869795, at *1-2 (N.D. Tex. May 13, 2011); Woods v. United States, No. 3:08-CV-1670-D, 2010 WL 809601 (N.D. Tex. Mar. 8, 2010). Plaintiff cannot establish the standard of care or that United States breached that standard of care.

V.

Order

The court ORDERS that the government's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on her claims in this action; and that plaintiff's claims be, and are hereby, dismissed with prejudice.

SIGNED March 29, 2019.

JOHN McBRYDE
United States District Judge

6